UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LARRY GORDON,

                    Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                    Defendants.

16-CV-4813 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

By order dated August 15, 2016, the Court directed Plaintiff to file an amended complaint within sixty days. *See* ECF No. 6. The Clerk of Court mailed the August 15, 2016 order to Plaintiff at the address he provided in his complaint, and the Court never received any notice from the United States Postal Service (USPS) that the mailing was undeliverable. On October 27, 2016, after Plaintiff failed to amend his complaint, the Court dismissed the complaint for failure to state a claim. *See* ECF No. 7. The Clerk of Court mailed this order to Plaintiff as well, and the Court never received any notice from the USPS that it could not deliver this mailing to Plaintiff either.

Over two years later, on December 18, 2018, Plaintiff requested an update on his case, *see* ECF No. 9, and the Clerk of Court mailed Plaintiff a copy of the docket sheet. On January 10, 2019, the Court received notice from the USPS that this mailing was undeliverable. On April 1, 2019, Plaintiff provided the Court with a change of address, *see* ECF No. 10, and on April 8, 2019, the Court mailed another copy of the docket sheet. Nearly five months later, on September 3, 2019, Plaintiff informed the Court by letter that he never received the orders issued on August 15, 2016, and October 27, 2016. ECF No. 11. Plaintiff now requests assistance from the Court. *Id.*

The Court liberally construes this submission as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. After reviewing the submission, the Court denies the motion.

**DISCUSSION**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). The deadlines for filing such a motion are as follows:

> (1) Timing. A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(c)(1). Here, the submission is untimely as to reasons (1), (2), and (3), and reasons (4) and (5) do not apply. Accordingly, the Court only considers reason (6) as a basis for reconsidering the October 27, 2016 order of dismissal.

The Court concludes that Plaintiff has not shown any reason justifying a reconsideration of the October 27, 2016 order of dismissal. While the Court accepts as true, for the purposes of this order, Plaintiff's assertion that he never received the August 15, 2016 and October 27, 2016 orders, his decision to wait over two years after his case was closed to contact the Court to inquire about the status of his case is unjustified. It is Plaintiff's responsibility to update the Court with any new address and to monitor the status of his case. As Plaintiff does not offer any explanation for his failure to prosecute this action for over two years, the Court denies Plaintiff's

letter, construed as a motion brought under Fed. R. Civ. P. 60(b), seeking reconsideration of the Court's order of dismissal.

**DISCUSSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court denies Plaintiff's letter, (No. 11), construed as a motion brought under Fed. R. Civ. P. 60(b).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: September 24, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge